# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $6,658.92 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 8328019032 HELD IN THE NAME OF PAYPA TRAIL ENTERTAINMENT, LLC, et al.,<br><br>　　　　Defendants. | Case No.  1:13-cv-01674-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING MOTION TO STAY ACTION<br><br>(ECF No. 29)<br><br>OBJECTIONS DUE WITHIN TEN DAYS |

Currently before the Court is Plaintiff's motion to stay this action pending resolution of a related criminal matter.  (ECF No. 29.)  The matter was found suitable for decision without oral argument and was taken under submission.

## I.

## BACKGROUND

The Securities and Exchange Commission and the Federal Bureau of Investigations investigated the business activities of Marie Sherrill and her daughter, Kristina Redwine-Fox. (Compl. ¶ 6, ECF No. 1.)  Plaintiff alleges that Sherrill advertised herself as a Certified Public Accountant and Certified Financial Planner when she is neither.  (Id. at ¶ 8.)  Sherrill, with the

assistance of her daughter, uses intimate knowledge she acquires in offering bookkeeping and tax preparation services to lure clients into a fraudulent investment scheme. (Id. at ¶ 8.)

On April 18, 2013, $120,772.00 was seized from 2126 W. Nancy in Porterville, California; and $21,770.00 was seized from 1254 North Birch Street in Porterville, California. (Id. at ¶ 2.) On April 19, 2013, approximately $6,658.92 was seized from a Wells Fargo account held in the name of Papa Trail Entertainment, LLC. (Id. at ¶¶ 1, 2.) On October 16, 2013, Plaintiff filed this civil action in rem to forfeit to the United States Government the seized funds.

On September 9, 2015, Kristina Redwine-Fox filed a claim for return of the seized property. (ECF No. 23.) On September 10, 2015, Marie Sherrill filed a claim for the return of the seized property. (ECF No. 24.) On September 30, 2015, Marie Sherrill filed an answer. (ECF No. 27.) On October 30, 2015, Plaintiff filed a motion to stay these civil forfeiture proceedings pursuant to 18 U.S.C. § 981(g). (ECF No. 29.) No opposition to the motion has been filed. (Compl. ¶¶ 1, 2, ECF No. 1.)

**II.**

**LEGAL STANDARD**

The civil asset forfeiture statute provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). The statute only requires the Court to determine whether civil discovery in the action will interfere with a related criminal action. U.S. v. One 2008 Audi R8 Coupe Quattro, 866 F.Supp.2d 1180, 1183 (C.D. Cal. 2011).

**III.**

**ANALYSIS**

Plaintiff states that the criminal action of United States v. Marie Sherrill, No. 1:15-cr-0130-AWI, is related to this action; and, in some instances, the complaints are identical in both actions. Plaintiff contends that if claimants are allowed to conduct discovery in this action it would adversely affect the Government's ability to conduct the prosecution in the related criminal case.

2

1    The statute does not require a particularized showing of prejudice or a specific harm that
2 would result without the imposition of the requested stay. One 2008 Audi R8 Coupe Quattro,
3 866 F.Supp.2d at 1183. "Courts have routinely issued Section 981(g)(1) stays on the basis of the
4 Government's allegations of likely prejudice to the criminal proceeding caused by the civil
5 discovery." Id. at 1184; see United States v. Assorted Firearms-Motorcycles & other Pers. Prop.,
6 677 F. Supp. 2d 1214, 1216 (C.D. Cal. 2009).

7    Claimant Marie Sherrill is currently being prosecuted for alleged criminal activity which
8 led to the seizure of the currency at issue in this action. (Decl. of Jeffrey A. Spivak ¶ 2, ECF No.
9 29.)  The civil complaint in this action alleges that the owners of the seized property were
10 engaged in the same criminal activities alleged in the criminal prosecution.  Plaintiff contends
11 that the United States' ability to prosecute the criminal action would be adversely affected if
12 discovery in this action were allowed because Plaintiff would be required to disclose documents
13 and evidence related to the criminal prosecution.  Additionally, Plaintiff asserts that discovery in
14 this action would require the Government to provide the testimony of witnesses who are
15 involved in the criminal prosecution.

16    The Court finds that the overlapping facts and circumstances of these two cases would
17 adversely affect the Government's ability to prosecute the related criminal action if discovery in
18 this action was allowed to proceed.  Accordingly, the Court recommends that the motion to stay
19 this action be granted.

20                                **IV.**
21                    **CONCLUSION AND RECOMMENDATION**

22    Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion to
23 stay this action be GRANTED.

24    These findings and recommendations are submitted to the district judge assigned to this
25 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen
26 (14) days of service of this recommendation, any party may file written objections to these
27 findings and recommendations with the Court and serve a copy on all parties.  Such a document
28 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 1, 2015**

UNITED STATES MAGISTRATE JUDGE